```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

```
CHARLES B. SULLIVAN,              *
                                  *
     Plaintiff,                   *
                                  *
vs.                               *   CIVIL ACTION NO.: 16-00435-KD-B
                                  *
PHILIP B. ETHIRIDGE,              *
                                  *
     Defendant.                   *
```

## REPORT AND RECOMMENDATION

Plaintiff Charles B. Sullivan, an Alabama prison inmate, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(R) for appropriate action. On September 21, 2016, the court issued an order directing the Clerk to return Plaintiff's complaint to him because it was not signed. The Court directed Plaintiff to sign the complaint, and return it to the Court no later than October 24, 2016. (Doc. 3). Additionally, the Court noted that Plaintiff's motion to proceed without prepayment of fees did not include the required financial statement or certification by an authorized prison official. As a result, Plaintiff was directed to submit an updated motion, which included the required financial statement and certification by an authorized prison official by October 24, 2016, or in lieu thereof, pay the filing

fee. (Id.).  To date, Plaintiff has not complied with or responded to the Court's order dated September 21, 2016, and, his copy of the order has not been returned to the Court.

Due to Plaintiff's failure to comply with the Court's order, and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); *see generally* Betty K Agencies, Ltd. v. M/V Monada*,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice). World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F. 2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F. 2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F. 2d 1533, 1535 (11th Cir. 1983).

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th *Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **7th** day of **November, 2016.**

/S/SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**